**COMMONWEALTH OF MASSACHUSETTS, ex rel., Francis X. BELLOTTI, Attorney General, Plaintiff,**

v.

**RUSSELL STOVER CANDIES, INC., Defendant.**

**Civ. A. No. 81–3238–S.**

United States District Court, D. Massachusetts.

March 10, 1982.

Alan L. Kovacs and Paul C. Bishop, Asst. Attys. Gen., Boston, Mass., for plaintiff.

Robert Paul, Goodwin, Procter & Hoar, Boston, Mass., David E. Everson, Jr., Stinson, Mag & Fizzell, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

In this antitrust suit, the Commonwealth of Massachusetts ("Commonwealth") alleges that from about 1974 to 1980 defendant Russell Stover Candies, Inc. ("Russell Stover") and its co-conspirators have engaged in a combination and conspiracy to raise, fix, stabilize and maintain the retail prices of Russell Stover candy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The Commonwealth brought this action on behalf of itself and as *parens patriae* on behalf of all natural persons residing within Massachusetts, pursuant to 15 U.S.C. § 15c(a)(1). It seeks treble damages in addition to declaratory and injunctive relief.

Russell Stover in its answer posits as its "Sixth Defense" that the Commonwealth's complaint is barred by the doctrine of laches. In addition, Russell Stover requests that I award it its expenses and costs in defending this action, including reasonable attorney's fees, pursuant to 15 U.S.C. § 15c(d).

The Commonwealth has moved pursuant to Fed.R.Civ.P. 12(f) to strike Russell Stover's "Sixth Defense" as being legally insufficient, and to strike the prayer for an award of expenses and costs because the statute relied upon, 15 U.S.C. § 15c(d), does not authorize the court to make such an award.

The defense of laches is no bar to a suit brought by the government to vindicate a public right, particularly one so important as the enforcement of the antitrust laws. *United States v. New Orleans Chapter, Associated General Contractors*, 382 U.S. 17, 86 S.Ct. 33, 15 L.Ed.2d 5 (1968) reversing *per curiam* 238 F.Supp. 273 (E.D. La.1964); *United States v. Firestone Tire and Rubber Co.*, 374 F.Supp. 431 (N.D.Ohio 1974).

Defendant argues that this rule does not apply because the Commonwealth in bringing this suit in its *parens patriae* capacity "is not acting as the state but as the representative of private litigants". It cites several cases which it contends stand for the proposition that the doctrine of laches will not apply where the government is merely the nominal party, the suit is brought in its name to enforce the rights of individuals, and no interest of the government is involved. *United States v. Beebe*, 127 U.S. 338, 344–348, 8 S.Ct. 1083, 1086–88, 32 L.Ed. 121 (1888); *United States v. The DesMoines Navigation & Ry. Co.*, 142 U.S. 510, 538, 12 S.Ct. 308, 315, 35 L.Ed. 1099 (1891).

The issue presented is whether in bringing this action the Commonwealth is acting in its sovereign capacity or on behalf of private litigants. *Parens patriae*, literally "parent of the country", has traditionally referred to the role of the state as sover-

eign and guardian of persons under a legal disability to act for themselves, such as juveniles or the insane. The doctrine has been expanded to give a state standing and to allow it to recover damages to quasi-sovereign interests wholly apart from recoverable injuries to individuals within the state. These quasi-sovereign interests include the general economy of the state. *See, State of West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079 (2nd Cir. 1971); *Gibbs v. Titelman*, 369 F.Supp. 38, 54 (E.D.Pa.1973).

█ The Commonwealth clearly has an interest in protecting its citizens and economy from violations of the antitrust laws. *See, Georgia v. Pennsylvania Railroad Co.*, 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1945). Congress has recognized that interest in enacting Title III of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. §§ 15c–15h which authorizes any attorney general of a state to "bring a civil action in the name of such state, as *parens patriae* on behalf of natural persons residing in such state..." 15 U.S.C. § 15c(a)(1). Therefore, I find that the Commonwealth in bringing this suit as *parens patriae* is acting in its sovereign capacity. Because the doctrine of laches is no bar to a suit brought by the sovereign to vindicate the public interest, the Commonwealth's motion to strike defendant's "Sixth Defense" is ALLOWED.

█ The Commonwealth's motion to strike Russell Stover's prayer for award of expenses and costs cannot be granted. Rule 12(f) provides in pertinent part:

> [T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

The request for an award of expenses and costs does not fall within any of the categories referred to in the rule. Accordingly, plaintiff's motion to strike that part of defendant's answer is DENIED.